IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| LANCE B. McKNELLY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 08-5127-CV-C-WAK |
| ) | |
| CITIMORTGAGE, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiffs filed suit in the Circuit Court of Lawrence County, Missouri, asserting breach of contract, intentional tort, negligence, negligence per se, tortious interference, violation of the Fair Debt Collection Practices Act and slander of credit history. They sought specific performance, preliminary and permanent relief, a declaratory judgment, and actual and punitive damages. Defendant was served with a copy of the petition and then removed the case to federal court, pursuant to 28 U.S.C. § 1446. Count IV was brought under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

On December 16, 2008, plaintiffs filed a motion to remand and to dismiss Count IV of their complaint. Defendant responded in opposition to remand and notes that under 28 U.S.C. § 1367(c), the court has discretion to retain a properly removed claim after the federal claim has been dismissed.

Plaintiffs filed their motion to dismiss Count IV prior to defendant filing an answer. Under Rule 41, Federal Rules of Civil Procedure, a dismissal, without prejudice, is permitted and a court order is not required. Likewise, under Rule 15, Federal Rules of Civil Procedure, plaintiffs may amend their complaint once, as a matter of course, prior to a responsive pleading being filed.

Plaintiffs seek remand on the basis that they desire to litigate less expensively in state court, there are serious state issues involved, the federal claim was dismissed and was minor to the other allegations, and the state court is competent to proceed.

Although federal courts have discretion to retain jurisdiction over supplemental claims after the federal claims are dismissed, retention of jurisdiction in this case does not appear warranted. Plaintiffs voluntarily dismissed the federal claim prior to the entry of an answer or scheduling order, and defendant has not shown it will be prejudiced by remand or that it cannot assert its preemption arguments in the state court.

Therefore, it is

ORDERED that plaintiffs voluntarily dismissed Count IV of their complaint, without prejudice, prior to an answer being filed, and their motion to dismiss that count is moot. [5] It is further

ORDERED that this case is remanded to the Circuit Court of Lawrence County, Missouri, for all further proceedings and final disposition. [5]

Dated this 26th day of January, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

2